MAURICE M. DILLON *et al. vs.* CATHERINE C. DILLON.

FEBRUARY 1, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a bill in equity praying that a deed of Bridget Dillon conveying certain real estate described in the bill to her daugher, Catherine C. Dillon, be set aside. The complainants constitute the other heirs at law of Bridget Dillon. The bill alleges (1) that Bridget Dillon, hereinafter referred to as the grantor, was, at the time of the execution of the deed, of unsound mind and incapacitated from attending properly to business and that the execution and delivery of the deed were obtained by undue influence; (2) that the deed was obtained by fraud practiced upon the grantor by the respondent. The findings of the Superior Court as embodied in the decree were that the grantor, at the time of the execution of the deed, was of sound mind; that the deed was the free act and deed of the grantor; and that no undue influence or fraud was practiced upon her. The cause is before us on the complainants' appeal from the decree dismissing the bill.

The complainants failed to prove actual fraud. In their brief they do not contend that they have established a case of actual fraud but do contend that the trial justice erred in denying relief on the ground of constructive fraud.

The complainants having failed to establish the charge of actual fraud, the case is governed by *Grant* v. *Wilcox*, 44 R. I. 94. In the *Grant* case a stepdaughter was seeking to repudiate her deed conveying real estate to her stepmother. The bill alleged (1) that the conveyance was obtained by taking advantage of the complainant's inexperience by the respondent who stood in *loco parentis* to the complainant; (2) that the conveyance was obtained by fraud practiced upon the complainant by the respondent. The trial justice found that the conveyance was not obtained by fraud. Said justice—at the request of the parties—passed upon the other issues and found that no advantage was taken of the complainant. A decree was entered embodying these findings and dismissing the bill. The case came to this court on

appeal and our opinion contains a statement as follows: "We think that said justice after finding that the complainant had failed to establish her charge of actual fraud should have dismissed the bill without making other findings. When at the hearing it appears that charges of actual fraud in a bill of equity have not been established, the rule in this State is that the bill will be dismissed notwithstanding that it states other grounds upon which relief might be granted." The opinion directed that the bill be dismissed without prejudice except as to the question of actual fraud.

In the case before us counsel for the respondent relies upon the *Grant* case to the extent that the bill should be dismissed for failure of the complainants to prove the allegation of actual fraud, but argues that the bill should be dismissed without reservation to the end that the complainants be precluded from bringing a new bill based upon allegations other than those constituting a charge of actual fraud.

In the *Grant* case we further stated as follows: "The rule is now settled that when a bill charges actual fraud, no matter what other allegations the bill may contain, the complainant stands or falls upon that charge alone as no other issue is before the court." In the case before us the only issue was the question of actual fraud. Although the bill contains allegations of constructive fraud, there was no issue of constructive fraud before the court and the finding of the court upon that question was a nullity. There being no issue as to constructive fraud, the question is not *res judicata*. In directing that the bill in the *Grant* case be dismissed "without prejudice", this court extended no grace to the complainant therein. It was desirable and proper to correct a decree of the Superior Court and helpful to the parties to have their rights made clear. See also *Creaser* v. *Thatcher*, (R. I.) 117 A. 420 and the authorities cited in *Grant* v. *Wilcox*, *supra*.

The decree appealed from is modified by striking out all embodiments of findings other than those as to actual fraud

and adding at the end of the last sentence, so as to form a part thereof, the words "without prejudice except as to the question of actual fraud whether in connection with undue influence or otherwise." In all other respects said decree is affirmed.

The parties may present for our approval a form for a decree in accordance with this opinion to be entered in the Superior Court.

*Sheffield & Harvey*, for complainants.
*Burdick, Corcoran & Peckham*, for respondent.